UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6624 PSG (PJWx) | Date | April 3, 2018 |
|---|---|---|---|
| Title | United States of America ex rel. Jack Chin v. CVS Pharmacy, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Defendant's motion to dismiss

Before the Court is a motion to dismiss filed by Defendant CVS Pharmacy, Inc. ("CVS"). *See* Dkt. # 25 ("*Mot.*").  Qui Tam Plaintiff Jack Chin ("Relator") opposes the motion, *see* Dkt. # 28 ("*Opp.*"), and CVS replied, *see* Dkt. # 30 ("*Reply*").  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the moving papers, the Court **GRANTS** CVS's motion.

I.   Background

The central issue before the Court is whether Relator should be permitted to assert allegations in this action after having been denied the opportunity in a separate case to amend his complaint to include them.

Relator alleges that "at various times during the course of at least the last 15 years, Defendant CVS has paid unlawful remuneration to numerous eligible beneficiaries of [] federally sponsored health care plans and programs in violation of the Federal Anti-Kickback Statute and the Beneficiary Inducement Statute." *See Complaint*, Dkt. # 1 ("*Compl.*"), ¶ 17. This allegedly unlawful remuneration came in the form of gift cards that CVS purportedly offered customers to "induce them to transfer their prescriptions from a competing pharmacy to CVS." *Id.* ¶ 18.  Relator claims to have learned of these allegations "during his employment as a retail pharmacist in Florida by the Sweetbay Supermarket Company," when customers told him that they had obtained gift cards "in return for transferring their government insured prescriptions to CVS and purchasing prescription drugs from CVS." *Id.* ¶¶ 22–24.  Relator alleges that, having learned this information, he launched his own "investigation," in which he personally transferred prescriptions for his mother- and father-in-law to CVS pharmacies and demanded $25 gift cards in exchange—efforts that, he claims, were successful at two CVS pharmacies in 2009. *Id.* ¶¶ 26–27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6624 PSG (PJWx) | Date | April 3, 2018 |
|---|---|---|---|
| Title | United States of America ex rel. Jack Chin v. CVS Pharmacy, Inc. | | |

    Based on these same allegations, Relator initiated an action in this Court in 2009: *United States ex rel. Chin v. Walgreen Co.*, CV 09-1293 PSG (PJWx) (C.D. Cal.) ("*Chin I*"). There, Relator asserted that CVS violated the federal False Claims Act ("FCA") and a number of state false claims acts. *See Chin I*, Dkt. # 5, ¶¶ 16–58. His complaint in *Chin I* remained under seal for seven years while the federal and state governments investigated the allegations; on March 21, 2016, the federal government notified the Court that it declined to intervene. *See Chin I*, Dkt. # 75.

    Relator served CVS with the complaint on January 23, 2017, ten months after the government decided not to intervene. *See Chin I*, Dkt. # 94. Soon thereafter, Relator sought to amend his complaint to add legal claims under the reverse-false-claim provision of the FCA and under certain other state false claims acts, and to add factual allegations regarding the alleged observations of two former CVS employees. *See Chin I*, Dkt. # 102.

    The Court ruled on the matter on May 1, 2017. *See Chin I*, Dkt. # 120 ("*Chin I Order*"). Although the Court permitted Relator to add his new factual allegations, it denied him leave to add any new legal claims. *Id.* at 7–8. The Court "acknowledge[d] CVS['s] arguments regarding delay and prejudice in this motion to amend," but decided that "those concerns pale in comparison to the problems under the FCA." *Id.* at 3. Specifically, the Court determined that Relator had failed to comply with the various mandatory filing procedures applicable to one who seeks to bring new claims under the FCA and related state laws. *Id.* at 4–6.

    Subsequently, Relator initiated this action on September 8, 2017, filing his complaint under seal and alleging the same reverse-FCA claim that the Court denied him leave to add to *Chin I*. *See generally Compl.*

    CVS now moves to dismiss the complaint in this new action, arguing that "[t]his case is a transparent end run around the Court's" prior order in *Chin I* and that "[t]his attempt to circumvent the Court's Order violates the rules against claim splitting." *Mot.* 1:2–7. CVS also argues that "Relator's new complaint does not cure the defect that caused the Court to deny leave to amend in the first place," and that the FCA's "public-disclosure bar also independently precludes Relator from pursuing this new case." *Id.* 1:8–24.

II.    <u>Discussion</u>

    The Court will begin by considering whether the rule against claim splitting bars Relator's complaint in this action, as argued by CVS. *See Mot.* 4:7–8:23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6624 PSG (PJWx) | Date | April 3, 2018 |
|---|---|---|---|
| Title | United States of America ex rel. Jack Chin v. CVS Pharmacy, Inc. | | |

"Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (internal quotation marks omitted). This rule barring "claim splitting" is related to res judicata, or claim preclusion. *See id.* at 688–89. As CVS notes, the rule "is enforced with particular rigor when a party, having been denied leave to amend a complaint to add a claim, seeks to file a new complaint alleging the same claim." *Mot.* 4:18–20; *see also Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008) (determining that "[d]ismissal pursuant to the rule against claim splitting is appropriate in this case" because "it is apparent that [plaintiff] sought to circumvent the . . . decision to deny [plaintiff's] motion for leave to file an amended complaint"); *Cook v. C.R. Eng., Inc.*, No. CV-12-3515-GW(CWx), 2012 WL 2373258, at *9 (C.D. Cal. June 21, 2012) ("[C]ourts must be vigilant in deterring plaintiffs who attempt to split claims between multiple suits in order to evade procedural rules.").

To determine whether a suit is duplicative for claim-splitting purposes, the Court looks to "the test for claim preclusion," which "assess[es] whether the second action is duplicative of the first" by "examin[ing] whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 688–89 (citing *The Haytian Republic*, 154 U.S. 118, 124 (1894)). Here, there is no dispute that the parties are identical to those in *Chin I*. Therefore, the Court must determine whether the causes of action are the same under the applicable "transaction test," which examines the following four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Adams*, 487 F.3d at 689 (quoting *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)). Each of these factors will be considered in turn.

    A.    <u>Same Transactional Nucleus of Facts</u>

The Court will begin with the fourth factor, which is "the most important." *Adams*, 487 F.3d at 689. This factor considers whether "the two suits arise out of the same transactional nucleus of facts," *id.*, meaning that "the claim could have been brought in the previous action." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6624 PSG (PJWx) | | Date | April 3, 2018 |
|---|---|---|---|---|
| Title | United States of America ex rel. Jack Chin v. CVS Pharmacy, Inc. | | | |

  CVS notes that, in attempting to add his reverse-FCA claim in *Chin I*, Relator asserted that the new claim was "based on the same underlying conduct alleged in the operative complaint that was initially filed under seal." *See Chin I*, Dkt. # 102, at 2. The Court agrees that this admission is telling, and that both the reverse-FCA claim presented here and the other FCA claims alleged in *Chin I* arise from the same allegedly fraudulent scheme. Whereas *Chin I* alleges that CVS knowingly presented false claims for payment, this action alleges that CVS knowingly presented those same claims for payment and then kept the money. Both cases are predicated on the same alleged scheme, wherein CVS provided gift cards to federal beneficiaries to induce them to transfer their prescriptions. *Compare Second Amended Complaint*, *Chin I*, Dkt. # 121 ("*Chin I SAC*"), ¶¶ 11–12 *with Compl.* ¶¶ 17–18. Both allege the same factual underpinnings, and that the conduct was improper for the same reasons. *Compare Chin I SAC* ¶¶ 13–17 *with Compl.* ¶¶ 26–29. As CVS correctly characterizes the situation, "The only difference is that in one case CVS's alleged offense was obtaining the funds falsely, and in the other the alleged offense was not returning the same funds." *Mot.* 6:19–21.

  Courts have applied the res judicata bar in cases presenting significantly less overlap than this, even when a successive FCA claim invoked a distinct factual theory regarding allegedly fraudulent conduct. *See United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 910 (9th Cir. 1998) ("Application of 'same transactional nucleus of fact,' is quite clear here. While Barajas is plainly correct that it is one thing to have fluid that gums up in the cold, and another to lie about whether the fluid was tested for gumming up, both wrongful acts arise out of the same attempt to get paid for flight data transmitters not up to specifications."); *United States ex rel. Folliard v. Synnex Corp.*, 798 F. Supp. 2d 66, 77–78 (D.D.C. 2011) (finding preclusion where successive FCA cases were based on different contracts but alleged the same underlying fraud); *United States ex rel. Resnick v. Weill Med. Coll. of Cornell Univ.*, No. 04 Civ. 3088(WHP), 2010 WL 476707, at *5 (S.D.N.Y. Jan. 21, 2010) ("Although Resnick asserts that her claims with respect to the Settled Grants arise from different false statements related to the Settled Grants and were excluded from the release accompanying the Settlement, they are still part of the same transaction or occurrence—the applications and progress reports for the Settled Grants.").

  That the legal theories differ between *Chin I* and this action do not change the Court's conclusion that the cases arise from the same nucleus of facts; courts have determined that a plaintiff cannot use a different legal theory or cause of action to distinguish cases that arise from the same transaction. *See Barajas*, 147 F.3d at 911 ("[T]wo events are part of the same transaction if they are related to the same set of facts and could conveniently be tried together. . . . [D]ifferent theories supporting the same claim for relief must be brought in the initial action."); *Israel Disc. Bank Ltd. v. Entin*, 951 F.2d 311, 314–15 (11th Cir. 1992) (disagreeing that differently styled RICO claims are not barred by res judicata because "both actions arise from the same nucleus of operative fact").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6624 PSG (PJWx) | Date | April 3, 2018 |
|---|---|---|---|
| Title | United States of America ex rel. Jack Chin v. CVS Pharmacy, Inc. | | |

In opposition, Relator challenges this conclusion. To begin, he argues that the Court's prior order in *Chin I* establishes that his reverse-FCA claim is distinct from his previous claims. *See Opp.* 8:2–12:16. Relator cites the following language from the Court's earlier order:

> In addition to the State FCA Claims, Chin seeks leave to add a federal Reverse FCA Claim, based on the allegation that, for several years now, CVS has been aware of its retention of illegal funds obtained from its unlawful gift-card kickback practice and has failed to return the funds paid to it by the government. . . .
>
> Because these are new factual allegations in support of a new theory of liability, the Court finds that the proposed amendment is not "substantially similar" to the operative complaint in this action. The government has already had an opportunity to investigate Chin's allegations against CVS and has declined to intervene. The government however did not have an opportunity to investigate CVS['s] potential liability under allegations that it was on notice of its wrongful conduct for seven years and failed to reimburse the government during that time.

*Chin I Order* at 5–6. "Accordingly," Relator concludes, "because the Court determined that the reverse FCA claims in *Chin II* were different from the claims asserted in *Chin I*, Relator cannot violate the rule against claim splitting." *Opp.* 9:11–13.

While intriguing, this conclusion ultimately fails because it ignores the differing legal standards at play. An amended complaint must be submitted under seal unless it is so "substantially similar" to the original sealed complaint that the government would not benefit from reviewing the amended complaint before it is made public. *East Bay Mun. Util. Dist. v. Balfour Bay Infrastructure, Inc.*, No. 13-cv-02032-WHO, 2014 WL 2611312, at *3 (N.D. Cal. June 11, 2014). That is the standard that the Court applied to Relator's motion to amend his prior complaint. *See Chin I Order* at 5. The test for claim splitting, by contrast, looks to the four factors enumerated above and asks "whether the two suits arise out of the same transactional nucleus of facts." *Adams*, 487 F.3d at 689; *see also Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) ("Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together."). The two standards are not the same, and the Court's previous determination need not preclude a finding of claim splitting here. In *Chin I*, the Court determined that the presence of new facts rendered the reverse-FCA claim dissimilar to Relator's other claims for purposes of the sealing requirement. However, having examined the new complaint in this action, the Court now concludes that the reverse-FCA claim nevertheless

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6624 PSG (PJWx) | Date | April 3, 2018 |
|---|---|---|---|
| Title | United States of America ex rel. Jack Chin v. CVS Pharmacy, Inc. | | |

arises from the same set of facts as the claims in *Chin I*.[1] This is sufficient under the claim-splitting standard, regardless of the Court's prior application of the differing standard for amending a complaint that was previously under seal.

Relator also suggests that his reverse-FCA claim is "based on additional facts that occurred *after* he filed his complaint in 2009," and so do not arise from the same nucleus of events. *Opp.* 8:8–10. The Court disagrees with this contention. Relator's complaint in this case alleges reverse-false claims dating back to 2002. *See Compl.* ¶ 17 ("Chin alleges that at various times during the course of at least the last 15 years, Defendant CVS has paid unlawful remuneration to numerous eligible beneficiaries of the federally sponsored health care plans and programs . . ."). The operative complaint in *Chin I* purports to cover these same claims, up to the present day. *See Chin I SAC* ¶ 11 ("Chin alleges that at various times during the course of at least the last 15 years, the defendant CVS has paid unlawful remuneration to numerous eligible beneficiaries of the federally sponsored health care plans and programs . . ."). As CVS concludes, "Every alleged false claim that is at issue in *Chin I* is also at issue here." *Reply* 3:21–22. Relator has not demonstrated that his reverse-FCA claims are premised on factual allegations distinct from those on which *Chin I* is based, let alone that these additional facts only became known to him after he filed his complaint in *Chin I*.[2] Accordingly, the claim-splitting rule applies because Relator had a "full and fair opportunity to raise and litigate in [his] first action the claims [he] now asserts in this action." *Adams*, 487 F.3d at 693.

Relator suggests that

> [i]t would be an absurd result for the Court, on one hand, to have denied leave to amend in *Chin I* on the basis that the reverse FCA claims were not substantially similar to the initial FCA claims and then, on the other hand, to dismiss the reverse FCA claims alleged in *Chin II* on the grounds that they are duplicative of the claims that the Court previously found were not substantially similar.

---

[1] The Court notes that Relator comes close to conceding as much in his opposition. He suggests that this case and *Chin I* should be consolidated because "although *Chin I* and *Chin II* are not identical . . . they do share common questions of law or fact." *Opp.* 11:18–19. The test for claim splitting does not require that the two actions are identical, but only that they arise from the same nucleus of facts. These "common questions of . . . fact" alluded to by Relator are sufficient to satisfy this requirement.

[2] Relator relies on *Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000), but in that case, the court determined that res judicata did not bar a new action where the plaintiff was precluded on timeliness grounds from amending an earlier complaint to include later-occurring events. *See id.* at 139. Here, by contrast, Relator's proposed amendment in *Chin I* was denied because of a sealing violation, *not* on timeliness grounds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6624 PSG (PJWx) | Date | April 3, 2018 |
|---|---|---|---|
| Title | United States of America ex rel. Jack Chin v. CVS Pharmacy, Inc. | | |

*Opp.* 12:11–15. Absurd or not, this result is consistent with the law, and a natural consequence of the sealing requirements presented in *Chin I*.

    B.    <u>Other Criteria</u>

The Court will now move on to the three other considerations: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; [and] (3) whether the two suits involve infringement of the same right." *Adams*, 487 F.3d at 689.

In his opposition, Relator contends that "[t]he other three claim-splitting factors also weigh against application of the rule against claim splitting" because "*Chin I* and *Chin II* involve different legal theories based on separate facts." *Opp.* 14:18–21. The Court disagrees with this fundamental premise, and hence with the conclusion Relator draws.

As to the first criterion, the Court agrees with CVS that

> a judgment in this case could completely destroy the rights and interests at issue in *Chin I*. To prevail here, Relator must show that CVS had an obligation to repay the government. Yet the only obligation that Relator alleges is the exact legal theory he advances in *Chin I*: that CVS "owed significant monies to the federal government as a result" of the false claims it knowingly submitted to the government.

*Mot.* 7:10–15 (quoting *Compl.* ¶ 33) (citation omitted). Therefore, "the central issues raised in the present complaint" are also "squarely raised" in *Chin I*, which the Ninth Circuit suggests should tip this factor in favor of applying the claim-splitting rule. *Adams*, 487 F.3d at 690.

Relatedly, both this action and *Chin I* would utilize substantially the same evidence. As CVS correctly notes, "To prevail in this case, Relator would need to prove that claims tainted by [Anti-Kickback Statute] violations were submitted to the government, which is the entire factual predicate of *Chin I*. Any additional facts alleged in this case would not change this analysis. *Mot.* 7:18–22; *see also Scott v. Donahue*, No. CV-13-03927-RSWL-SH, 2014 WL 4180961, at *7 (C.D. Cal. Aug. 21, 2014) ("Plaintiff cannot relitigate his claims by simply alleging a few additional facts.").

Lastly, although Relator claims that "the two suits involve infringement of different statutory rights," *Opp.* 14:26, the relief sought in both actions is the same: damages in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6624 PSG (PJWx) | Date | April 3, 2018 |
|---|---|---|---|
| Title | United States of America ex rel. Jack Chin v. CVS Pharmacy, Inc. | | |

amount of three times the value of the funds CVS allegedly received as part of its fraudulent scheme. *Compare Compl.* 13:4–8 *with Chin I SAC* 16:16–20.

In summation, a review of the four claim-splitting factors suggests that this action is barred by *Chin I*. This action may not be, as CVS claims, "a blatant attempt to nullify the denial of leave to amend," but the claim-splitting rule nonetheless applies and dismissal is therefore appropriate.

III.   Leave to Amend

Relator seeks leave to amend. *See Opp.* 22:12–23:5.

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Court considers whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

This is not a situation where Relator's complaint suffers from factual deficiencies or a similar problem that might be cured through amendment. Instead, the Court concludes that this entire action is impermissibly duplicative of *Chin I*. No amendment could save this complaint from the claim-splitting rule, and so the Court **DENIES** leave to amend.

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** CVS's motion to dismiss. Because the Court also **DENIES** leave to amend, this order closes the case.

**IT IS SO ORDERED.**